## HENRY CAMPBELL v. THE STATE.

### COURT OF APPEALS, GALVESTON TERM, 1884.

That the court erred in its charge to the jury, is an assignment too general for consideration. But see the opinion in this case for evidence held sufficient to sustain a conviction for murder with the death penalty awarded.

Appeal from Harris County.

No counsel for appellant.

*Assistant Attorney General Burts*, for the State.

Opinion by Hurt, J.

An appeal from a conviction of murder in the first degree, the penalty being assessed at death.

On the night of March 17th, 1883, the appellant Henry Campbell shot and killed Richard Snow, in the city of Houston, at the house of one Austin Johnson, at which place there was a festival and

dance. For this homicide he was indicted, tried and convicted of murder of the first degree, the jury inflicting the highest penalty known to law, to-wit : death.

Judgment being rendered upon this verdict, Campbell appeals to this court, and for reversal of the judgment assigns thirteen reasons. We will consider these assignments in the order presented in the assignment of errors.

1. "The court erred in its charge to the jury."

In what respect the charge is incorrect or erroneous is not stated. Though the supposed error is not specifically pointed out to us, we have nevertheless carefully examined the charge, not alone in the light of the general tendency of all the evidence, but in the light of each and every phase of the case presented by any part of the evidence. And after a most thorough examination of the charge, we have not discovered an error in it. It, in a plain, clear and concise manner, applied the law, not only to *the case* presented by the great preponderance of the evidence, but to each and every theory supported by the evidence.

2. The court erred in permitting the district attorney to prove by Johnson, that on the evening before the shooting, the witness, Johnson, saw the defendant about seven o'clock at Gordon's store, and that he, defendant, said : "By G—d, he can't arrest me !" No one was mentioned by the defendant. Isolated from the other facts of the case this was not evidence. Viewed in the light of, and in connection with other evidence adduced on the trial, we have no doubt of its relevancy. An irrelevant fact becomes relevant, and of the highest importance, because another fact with which it is connected is in proof. By an inspection of the statement of facts, the relevancy of this evidence will very clearly appear.

3. "The judgment of the court is contrary to law."

In what particular ? The appellant is adjudged to be guilty of murder in the first degree as found by the jury.

We will consider the fourth, fifth and sixth assignments together. The fourth is that "the judgment of the court is contrary to the evidence." The fifth is that "the verdict of the jury is contrary to the law." The sixth is "that the verdict of the jury is contrary to the evidence." That the judgment of the court may in one sense be contrary to the evidence is true, but if in proper form we would attack the verdict of the jury. Its basis that the verdict of the jury

may be contrary or is not supported by the evidence, may also be true, but if the verdict is in form, a legal verdict abstractly considered from the evidence, we would rely upon the 6th assignment, which is that "the verdict of the jury is contrary to, and is not supported by the evidence."

Is this verdict supported by the evidence? This question presents the only debatable issue in the case.

This conviction being for murder of the first degree, the evidence must show that the killing was upon express malice. In other words that the defendant, with a sedate and deliberate mind, and formed design, shot and killed Richard Snow. What evidence is required to show such a mind, and such a design? This formed design is evidenced, shown by external circumstances, discovering this inward intention. Such circumstances as lying in wait, antecedent menaces, former grudges and concocted schemes to do deceased some bodily harm. Now while it is true that the circumstances, to-wit : lying in wait, antecedent menaces, former grudges and concocted schemes to do the deceased some bodily harm, are facts from which this formed design may be inferred, they nor either of these facts are absolutely necessary to prove such a state of mind and such formed design. "For although a killing be upon a sudden difficulty, it may be attended with such circumstances of enormity, cruelty or deliberate malignity, cool, calculating compassings, or even calm demeanor and absence of passion, as will be sufficient evidence to establish the inference that the killing was the result of a sedate, deliberate mind, formed design to take life, and do some great bodily harm." "Even in a case of a sudden killing, in the absence of previous ill-feeling, or when it is too slight to be presumed to be the motive for the act, then there may often be found, ample evidence of express malice in the means used or manner of doing it. For a man is always presumed to intend that which is the necessary or even probable consequences of his acts, unless the contrary appears." If, therefore, the calm and sedate mind, and formed design, can be shown by the instrument or means used, and the manner of the killing; if in any case, express malice can be evidenced by this character of proof; evidently and very clearly there is ample proof in the manner of this killing and means used to destroy the life of the deceased, Richard Snow. For this homicide was attended with circumstances which show a calm, deliberate demeanor,

and absence of passion, with cruel and deliberate malignity. We are of the opinion that the verdict of the jury is supported by the evidence.

The 7th, 8th, 9th and 10th assignments present the same questions, but in different form, as the sixth, namely : Is the evidence sufficient to support the verdict ?

The 11th. "The verdict is excessive and not at all proportioned to the offense proven, if any proven." We believe that the evidence well warranted the jury in finding the defendant guilty of murder of the first degree, and this being the case, it was the province of the jury to determine what should be the punishment. They have selected the highest. The evidence supporting a verdict of murder in the first degree, and death being one of the penalties of such a murder, this court will not interfere with their verdict.

12. "The court erred in overruling the motion for new trial, for the reasons set out in said motion." There is no matter urged in the motion for new trial, which is not insisted upon in the assignment of error, and in passing upon the assignments, all of the reasons for new trial have been considered."

13. "Many other reasons apparent of record." We have not confined ourselves to the assignments of error made by counsel for appellant, but have given this record our most careful consideration in order that this court may be satisfied that the appellant has had a fair trial, and that his conviction has not only been obtained by the due and proper process of law, but that in fact, legal proof has been made of his guilt of the crime found by the verdict of the jury, for which he is to suffer death.

Our conclusions from a thorough examination of the record, after mature reflection is, that appellant has had a fair trial, has been convicted legally, and that the conviction is warranted by the proof. This being the case, our duty to society imperatively demands that the judgment be affirmed.

The judgment is affirmed.